Pending_Fee

# Mississippi Electronic Courts
## Twentieth Circuit Court District (Rankin Circuit Court)
## CIVIL DOCKET FOR CASE #: 61CI1:22-cv-00283-JR

Williams v. Walmart Stores East, LP et al
Assigned to: Steve S Ratcliff, III

**Upcoming Settings:**

None Found

Date Filed: 12/14/2022
Current Days Pending: 69
Total Case Age: 69
Jury Demand: Plaintiff
Nature of Suit: Premises Liability (187)

---

**Plaintiff**

**Teresa Williams**

represented by **Martin R. Jelliffe**
Morgan & Morgan, PLLC
4450 Old Canton Rd.
Ste 200
JACKSON, MS 39211
601-503-1676
Email: mjell3067@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Walmart Stores East, LP**

represented by **Thomas M. Louis**
300 Concourse Blvd ste200
RIDGELAND, MS 39157
601-605-6932
Fax: 601-605-6901
Email: tlouis@wellsmar.com
*ATTORNEY TO BE NOTICED*

**Rajita Iyer Moss**
Wells Marble & Hurst, PLLC
PO Box 131
JACKSON, MS 39205
601-605-6900
Fax: 601-605-6901
Email: rmoss@wellsmarble.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does**
*1-10*

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 12/14/2022 | 1 | COMPLAINT against John Does, Walmart Stores East, LP, filed by Teresa Williams. (Attachments: # 1 Civil Cover Sheet,) (Henderson, Kirby) (Entered: 12/20/2022) |
|---|---|---|
| 12/14/2022 | 2 | SUMMONS Issued to Walmart Stores East, LP. (Henderson, Kirby) (Entered: 12/20/2022) |
| 01/11/2023 | 3 | SUMMONS Returned Executed by Teresa Williams. Walmart Stores East, LP served on 1/6/2023, answer due 2/5/2023. Service type: Personal (Jelliffe, Martin) Modified on 1/12/2023 (Henderson, Kirby). [DOCKETING ERROR - SEE ANNOTATION BELOW] (Entered: 01/11/2023) |
| 01/12/2023 | 4 | DOCKET ANNOTATION as to 3 : Summons Return must be attached to the summons that was issued for service. Not the Clerk's office copy. Attorney advised to re-file.. (Henderson, Kirby) (Entered: 01/12/2023) |
| 01/12/2023 | 5 | SUMMONS Returned Executed by Teresa Williams. Service type: Personal (Jelliffe, Martin) (Entered: 01/12/2023) |
| 01/26/2023 | 6 | ANSWER to 1 Complaint by Walmart Stores East, LP. (Louis, Thomas) (Entered: 01/26/2023) |
| 01/26/2023 | 7 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiff, Teresa Williams, NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiff, Teresa Williams, NOTICE OF SERVICE of Request for Admissions Propounded to Plaintiff, Teresa Williams by Walmart Stores East, LP. (Louis, Thomas) (Entered: 01/26/2023) |
| 02/10/2023 | 8 | NOTICE OF SERVICE of Interrogatories Propounded to Wal-Mart Stores East, LP, NOTICE OF SERVICE of Request for Production of Documents Propounded to Wal-Mart Stores East, LP by Teresa Williams. (Jelliffe, Martin) (Entered: 02/10/2023) |
| 02/14/2023 | 9 | NOTICE of Appearance by Rajita Iyer Moss on behalf of Walmart Stores East, LP (Moss, Rajita) (Entered: 02/14/2023) |
| 02/17/2023 | 10 | NOTICE OF SERVICE of Responses to Request for Admissions by Teresa Williams. (Jelliffe, Martin) (Entered: 02/17/2023) |

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                              **PLAINTIFF**

**VS.**                                                      **CAUSE NO.:** 22-283

**WALMART STORES EAST, LP; AND**
**JOHN DOES 1-10**                                                      **DEFENDANT(S)**

F I L E D

DEC 1 4 2022

REBECCA N. BOYD, CIRCUIT CLERK
BY

### COMPLAINT
### (JURY TRIAL REQUESTED)

**COMES NOW,** the Plaintiff, Teresa Williams, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this Complaint against Walmart Stores East, LP and John Does 1-10 (sometimes herein referred to as "Defendants") and in support thereof states as follows:

#### I. PARTIES

1.     The Plaintiff is an adult resident citizen of Rankin County, Mississippi, and presently resides at 795 Richland E. Drive, Richland, Mississippi 39218.

2.     The Defendant, Walmart Stores East, LP, is a Limited Partnership incorporated in the State of Delaware, its principal office in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or wherever they may be found.

3.     Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendants and/or other persons, entities, and/or corporations that were in some manner involved in the operation of this store and/or responsible for cleaning this store and making certain it was safe for patrons and/or who were negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

1

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Rankin County, Mississippi, and the cause of action occurred and/or accrued in Rankin County, Mississippi.

## III. FACTS

5.      The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6.      At all times mentioned in this Complaint, the Defendants managed, leased, owned and/or operated the store located at 200 Marketplace Drive, Richland, Mississippi 39218.

7.      At all times mentioned in this Complaint, the Defendants invited the general public, including the Plaintiff, to enter the Defendants' store located at 200 Marketplace Drive, Richland, Mississippi 39218 for reasons mutually advantageous to both the Defendants and Plaintiff.

8.      On or about July 1, 2021, Plaintiff, Teresa Williams, was walking the produce aisle of the Defendants' store located within the geographical boundaries of Rankin County, Mississippi, located at 200 Marketplace Drive, Richland, Mississippi 39218, when suddenly and without warning she slipped and fell on cherries that were on the floor, with no visible warnings of same, causing Plaintiff to sustain injuries including but not limited to neck pain, upper back pain and low back pain. The full extent of Plaintiff's injuries is not known at this time.

## COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANTS,

9.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

10. At said time and place, Defendants, as owner and/or operator of the store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

11. At said time and place, Defendants breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the store's floors to make sure they were free from slip and fall hazards, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the store's floors with cherries on the floor, when Defendants knew or through the exercise of reasonable care should have known that said premises' produce section floors was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the produce section floor, when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known of same had Defendants exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the aisle floors for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendants' premises flooring for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of

3

prior trip and falls at the subject location caused by foreign objects or other dangerous conditions that were not timely identified by Defendants' employees and corrected/remedied or for which notice was not given to guests at the premises;

i)   Negligently failing to act reasonably under the circumstances;

j)   Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

k)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

l)   Negligently failing to maintain and provide a safe flooring surface within the subject premises;

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANTS

12.   Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

13.   At said time and place, Defendants owned, controlled, and/or possessed the business premises.

14.   At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendants owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.   At said time and place, Defendants breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)   Negligently failing to maintain or adequately maintain the store's floors to make sure they were free from slip and fall hazards, thus creating a hazard to members of the public utilizing and premises, including the Plaintiff herein, thus creating unreasonably dangerous condition for Plaintiff;

b)   Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the store's floor with cherries on the floor, when Defendants knew or through the exercise of reasonable care should have known that said premises' produce section floors and was unreasonably dangerous and that Plaintiff was unaware of same;

d)  Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the produce section floor when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known or same had Defendants exercised reasonable care;

e)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the aisle floors for dangerous conditions;

f)  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendants' premises flooring for dangerous conditions;

g)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h)  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior trip and falls at the subject location caused by foreign objects or other dangerous conditions that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

i)  Negligently failing to act reasonably under the circumstances;

j)  Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

k)  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

l)  Negligently failing to maintain and provide a safe flooring surface within the subject premises;

16.  Further, Defendants was negligent through the actions and inactions of its agents, representatives, and/or employees. The negligence of the Defendants includes, but is not necessarily limited to, the following:

a)    Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including creating a slip and fall hazard with cherries on the produce floor;

b)    Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including a creating a slip and fall hazard with cherries on the produce floor;

c)    Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

d)    Other acts of negligence to be shown at the trial of this cause.

17.    Defendants' breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

a.    past, present, and future physical pain and suffering;

b.    past, present, and future medical expenses;

c.    past, present, and future loss of enjoyment of life;

d.    past, present and future mental and emotional pain and suffering;

e.    permanent physical restrictions, limitations, and/or disability;

f.    loss of earning;

g.    loss of the ability to earn money;

h.    aggravation of pre-existing condition; and

i.    any other damages allowed by Mississippi law.

## **PRAYER OF RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Teresa Williams, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be

incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the

Court may deem proper.

RESPECTFULLY SUBMITTED, this the ____ day of December, 2022.

TERESA WILLIAMS, PLAINTIFF

BY: _____
MARTIN R. JELLIFFE, Esq.

OF COUNSEL:

MORGAN & MORGAN, PLLC
MARTIN R. JELLIFFE (MSB# 3067)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
Email: mjelliffe@forthepeople.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|---|---|
| 6 1 | 2 0 | C I | 2 0 2 2 | 2 8 3 |

**Local Docket ID**

| Month | Date | Year |
|---|---|---|
| 1 2 | 1 4 | 2 2 |

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2020)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the CIRCUIT     Court of   RANKIN     County —     Judicial District

**Origin of Suit (Place an "X" in one box only)**

| | | | |
|---|---|---|---|
| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual   Williams        Teresa

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**   795 Richland E. Drive, Richland, Mississippi 39218

**Attorney (Name & Address)**   Martin R. Jelliffe, 4460 Old Canton Road, Suite 200, Jackson, Mississippi 39211    MS Bar No. 3067

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**   Walmart Stores East, LP

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**        MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet
**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [X] Premises Liability |
| [ ] Other | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [ ] Other |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                      **PLAINTIFF**

VS.                                                      CAUSE NO.: _22-283_

**WALMART STORES EAST, LP; AND**
**JOHN DOES 1-10**                                                      **DEFENDANT(S)**

### SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**

      TO:    Wal-Mart Stores East, LP
              c/o C.T. Corporation System
              645 Lakeland East Drive
              Flowood, Mississippi 39232
              Or wherever they may be found

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand-deliver a copy of a written response to the Complaint to Martin R. Jelliffe, Esq., attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

     You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

     Issued, under my hand and the seal of said Court, this __14__ day of __December__ 2022.



                                **HONORABLE BECKY BOYD**
                                  **RANKIN COUNTY CIRCUIT CLERK**

                                  By: _Kirby Henderson_ , D.c.

## PROOF OF SERVICE

TO:    Wal-Mart Stores East, LP
c/o C.T. Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232
Or wherever they may be found

I, the undersigned process server, served the Summons/Complaint upon the person or entity named above in the matter set forth below.

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. form 1B)

✓ **PERSONAL SERVICE.** I personally delivered copies of the Summons/Complaint to _Matt Thibodeaux_ on the _6_ day of _Jan_, 202_2_ where I found said person(s) in _Rankin_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons/Complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (husband, wife, son, daughter, etc.), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside/inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused").

At the time of service, I was at least 18 years of age and not a party to this action.

NAME: _James A. Cornelius_
ADDRESS: _529 Hillandale Dr._
_Jackson, MS. 39212_
TELEPHONE: _601-937-5959_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me the undersigned authority in and for the state and county aforesaid, the within named _James A. Cornelic_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the _06_ day of _Jan_, 202_3_.

My Commission Expires:

_12-08-2023_

_____
Notary Public

STATE OF MISSISSIPPI
JERRY BONDS
NOTARY PUBLIC
ID No. 168818
Commission Expires
December 8, 2023
HINDS COUNTY

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                    **PLAINTIFF**

**VS.**                                              **CAUSE NO.:** _22-283_

**WALMART STORES EAST, LP; AND**
**JOHN DOES 1-10**                                      **DEFENDANT(S)**

### SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**

> TO:   Wal-Mart Stores East, LP
>       c/o C.T. Corporation System
>       645 Lakeland East Drive
>       Flowood, Mississippi 39232
>       Or wherever they may be found

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Martin R. Jelliffe, Esq., attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this _14_ day of _December_ 2022.

**HONORABLE BECKY BOYD**
**RANKIN COUNTY CIRCUIT CLERK**

By: _Kirby Henderson_, D.C.



## PROOF OF SERVICE

TO:    Wal-Mart Stores East, LP
c/o C.T. Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232
Or wherever they may be found

I, the undersigned process server, served the Summons/Complaint upon the person or entity named above in the matter set forth below.

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. form 1B)

_____ **PERSONAL SERVICE.** I personally delivered copies of the Summons/Complaint to _Matt Thibodeaux_ on the _6_ day of _Jan_, 2022 where I found said person(s) in _Rankin_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons/Complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (husband, wife, son, daughter, etc.), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside/inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused").

At the time of service, I was at least 18 years of age and not a party to this action.

NAME: _James A. Cornelius_
ADDRESS: _529 Hillandale Dr._
_Jackson, MS. 39212_
TELEPHONE: _601-937-5959_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me the undersigned authority in and for the state and county aforesaid, the within named _James A. Cornelic_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the _06_ day of _Jan_, 2023.

My Commission Expires:

_12-08-2023_

STATE OF MISSISSIPPI
JERRY BONDS
NOTARY PUBLIC
ID No. 168618
Commission Expires
December 8, 2023
HINDS COUNTY

_____
Notary Public

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                    **PLAINTIFF**

**VS.**                                                   CAUSE NO.: ___22-283___

**WALMART STORES EAST, LP; AND
JOHN DOES 1-10**                                          **DEFENDANT(S)**

### SUMMONS

**STATE OF MISSISSIPPI
COUNTY OF RANKIN**

TO:    Wal-Mart Stores East, LP
c/o C.T. Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232
Or wherever they may be found

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Martin R. Jelliffe, Esq., attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this **14** day of **December** 2022.

**HONORABLE BECKY BOYD
RANKIN COUNTY CIRCUIT CLERK**



By: _Kirby Henderson_, D.C.

**IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI**

**TERESA WILLIAMS**                                                    **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 22-283**

**WALMART STORES EAST, LP; AND**
**JOHN DOES 1-10**                                                    **DEFENDANTS**

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

COMES NOW Defendant Wal-Mart Stores East, LP ("Defendant" or "Walmart"), by and through counsel of record, and file this their Answer and Affirmative Defenses as follows:

<u>**First Defense**</u>

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

<u>**Second Defense**</u>

Defendant asserts the defenses of insufficiency of process and insufficiency of service of process.

<u>**Third Defense**</u>

The claims alleged herein against Defendant is barred by the applicable statute of limitations.

<u>**Fourth Defense**</u>

In now answering the Complaint paragraph by paragraph, Defendant would state as follows:

**I.  <u>PARTIES</u>**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, same are denied.

2.      It is admitted that Wal-Mart Stores East, LP, is a foreign limited partnership and that its registered agent is CT Corporation.  Any remaining allegations are denied.

3.      Denied.

## II.  JURISDICTION AND VENUE

4.      Although the allegations of the second Paragraph 4 of the Complaint state legal conclusions to which no response is required, Defendant denies the allegations contained therein and demand strict proof thereof.

## III.  FACTS

5.      Defendant adopts and incorporates their answers to all preceding paragraphs as if set forth in full herein.

6.      It is admitted that Defendant operates the Walmart store located at 200 Marketplace Drive, Richland, Mississippi 39218.  All remaining allegations are denied.

7.      Denied.

8.      Denied.

## COUNT 1 - CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANTS

9.      Walmart adopts and incorporates its answers to all preceding paragraphs as if set forth in full herein.

10.     Denied.

11.     The allegations of Paragraph 11, including subparagraphs a) through l), are denied.

2

## COUNT II - CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY
## DOCTRINE AGAINST DEFENDANTS

12.     Walmart adopts and incorporates its answers to all preceding paragraphs as if set forth in full herein.

13.     It is admitted only that Walmart operates the subject premises.  All remaining allegations are denied.

14.     Denied.

15.     The allegations of Paragraph 15, including subparagraphs a) through l), are denied.

16.     The allegations of Paragraph 16, including subparagraphs a) through d), are denied.

17.     The allegations of Paragraph 17, including subparagraphs a) through i), are denied.

## PRAYER OF RELIEF

The allegations in the  unnumbered paragraph following Paragraph 17, entitled, "PRAYER OF RELIEF" and beginning"WHEREFORE," are denied. Defendant specifically denies that the Plaintiff is entitled to damages for actual, compensatory, consequential and incidental damages for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; special damages, attorney fees, costs, or to any judgment or for any sums whatsoever of and from the Defendant.

## Fifth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of third parties for which Defendant is not responsible.

3

**Sixth Defense**

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of the Plaintiff for which Defendant is not responsible.  Defendant asserts the provisions and protections of Miss. Code Ann. § 11-7-15 (1972).

**Seventh Defense**

The injuries and damages alleged by the Plaintiff are the result in whole or in part to pre-existing conditions, for which Defendant is not responsible.

**Eighth Defense**

Plaintiff failed to mitigate her damages and is accordingly barred from recovery to the extent of the failure to mitigate.

**Ninth Defense**

Pursuant to the laws of the State of Mississippi, Defendant is entitled to apportionment of liability for third parties whose acts in whole or in part caused the alleged damages and injuries of the Plaintiff.

**Tenth Defense**

Defendant affirmatively pleads Miss. Code Ann. § 85-5-7.

**Eleventh Defense**

Defendant seek all remedies and protections provided to it pursuant to Miss. Code Ann. §§ 11-1-60 and 11-1-65.

4

### Twelfth Defense

Plaintiff failed to obtain *in personam* jurisdiction.

### Thirteenth Defense

The Plaintiff assumed the risk, if any, which may have existed.

### Fourteenth Defense

Defendant reserves all defenses, including Rule 12(b) defenses and Rule 8(c) of the Mississippi Rules of Civil Procedure, which may be available to them.

### Fifteenth Defense

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

### Sixteenth Defense

The Complaint fails to name indispensable parties.

### Seventeenth Defense

Defendant objects to the venue and to the jurisdiction of this Court over the subject matter and over the person and/or property of Defendant.

### Eighteenth Defense

Any alleged danger was open and obvious to the Plaintiff.

**Nineteenth Defense**

Defendant had no notice, either actual or constructive, of any alleged dangerous condition and no opportunity to cure the same, if indeed such a dangerous condition existed, which is denied.

**Twentieth Defense**

Defendant would show that any injuries sustained by Plaintiff were the result of an unavoidable accident.

**Twenty-first Defense**

Defendant would show that Plaintiff was negligent by failing to exercise reasonable care at the time of the alleged accident resulting in the alleged injuries to Plaintiff.

**Twenty-second Defense**

Defendant would show that any injuries sustained by Plaintiff were the result of an unavoidable accident.

**Twenty-third Defense**

Defendant affirmatively pleads their rights under Mississippi Code Ann. § 11-1-69 with respect to the ban on hedonic damages.

**Twenty-fourth Defense**

Defendant pleads all protections afforded by the "Landowner's Protection Act."

Accordingly, Defendant Wal-Mart Stores East, LP demands that the Complaint be dismissed with all costs assessed to the Plaintiff.

**DEFENDANT DEMANDS TRIAL BY JURY**

6

THIS the 26ᵗʰ day of January, 2023.

**WAL-MART STORES EAST, INC.**

By:   */s/ Thomas M. Louis*  _____
      Thomas M. Louis  (MSB No. 8484)
      Rajita Iyer Moss (MSB No. 10518)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed using the court's ECF system, which

should have automatically emailed a copy to:

      Martin R. Jelliffe, Esq.
      Morgan & Morgan, PLLC
      4450 Old Canton Road, Ste. 200
      Jackson, MS 39211
      mjelliffe@forthepeople.com

This the 26ᵗʰ day of January, 2023.

      */s/ Thomas M. Louis*  _____
      Thomas M. Louis

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                            **PLAINTIFF**

**VS.**                                                            **CAUSE NO. 22-283**

**WALMART STORES EAST, LP; AND**
**JOHN DOES 1-10**                                                            **DEFENDANTS**

### <u>NOTICE OF SERVICE OF DISCOVERY</u>

TO:    Martin R. Jelliffe, Esq.
       Morgan & Morgan, PLLC
       4450 Old Canton Road, Ste. 200
       Jackson, MS 39211
       mjelliffe@forthepeople.com
       *Attorney for Plaintiff*

   NOTICE IS HEREBY GIVEN that Defendant, Wal-Mart Stores East, LP ("Walmart"), has

this date served, via electronic mail delivery, in the above-entitled action the following:

  **1.**  **Walmart's First Set of Interrogatories Propounded to Plaintiff;**

  **2.**  **Walmart's First Set of Requests for Production of Documents Propounded to Plaintiff; and**

  **3.**  **Walmart's Requests for Admissions to Plaintiff.**

Respectfully submitted, this the 26th day of January, 2023.

       **WAL-MART STORES EAST, LP**

     By: */s/ Thomas M. Louis*
       Thomas M. Louis  (MSB No. 8484)
       Rajita Iyer Moss (MSB No. 10518)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

THIS the 26ᵗʰ day of January, 2023.

                                    **WAL-MART STORES EAST, INC.**

                              By:  _/s/ Thomas M. Louis_____
                                    Thomas M. Louis  (MSB No. 8484)
                                    Rajita Iyer Moss (MSB No. 10518)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this document was filed using the court's ECF system, which

should have automatically emailed a copy to:

        Martin R. Jelliffe, Esq.
        Morgan & Morgan, PLLC
        4450 Old Canton Road, Ste. 200
        Jackson, MS 39211
        mjelliffe@forthepeople.com

This the _____ day of January, 2023.

                                    _/s/ Thomas M. Louis_____
                                    Thomas M. Louis

2

### IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                                         **PLAINTIFF**

**VS.**                                                           **CAUSE NO.: 22-cv-00283-JR**

**WALMART STORES EAST, LP; AND**
**JOHN DOES 1-10**                                                           **DEFENDANT(S)**

### <u>NOTICE OF SERVICE</u>

COMES NOW PLAINTIFF, Teresa Williams by and through the undersigned counsel, and

gives notice of service of the following:

1. *Plaintiff's First Set of Interrogatories Propounded to Defendant; and*

2. *Plaintiff's First Set of Request for Production of Documents to Defendant.*

RESPECTFULLY SUBMITTED, this the 10<u>th</u> day of February, 2023.

TERESA WILLIAMS, PLAINTIFF


BY:    */s/ Martin R. Jelliffe*
       MARTIN R. JELLIFFE, Esq.

OF COUNSEL:
Martin R. Jelliffe, (MSB#3067)
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
E-mail: mjelliffe@forthepeople.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Martin R. Jelliffe, attorney for Plaintiff, hereby certify that I have this day served

via E-Mail, a true and correct copy of the above and foregoing document to the following:

Thomas M. Louis, Esq. (MSB# 8484)
Rajita Iyer Moss, Esq. (MSB# 10518)
WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Fax: (601) 605-6901
*Attorney for Defendant Wal-Mart Stores East, LP*

THIS, the 10th day of February, 2023.

*/s/ Martin R. Jelliffe*
MARTIN R. JELLIFFE, Esq.

IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

TERESA WILLIAMS                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 22-283

WALMART STORES EAST, LP; AND
JOHN DOES 1-10                                                    DEFENDANT(S)

## ENTRY OF APPEARANCE

**COMES NOW** Rajita Iyer Moss of the law firm WELLS MARBLE & HURST, PLLC, 300 Concourse Blvd., Suite 200, Ridgeland, Mississippi 39157, whose mailing address is Post Office Box 131, Jackson, Mississippi 39205-0131, and hereby enters her appearance as one of the attorneys for Defendant, Wal-Mart Stores East, LP.

THIS, the 14th day of February, 2023.

Respectfully submitted,

**WAL-MART STORES EAST, LP**

By:  _/s/ Rajita Iyer Moss_____
Thomas M. Louis (MSB #8484)
Rajita Iyer Moss (MSB #10518)

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
3oo Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 605-6900
Facsimile:     (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Rajita Iyer Moss, hereby certify that a copy of the above and foregoing *Entry of Appearance*

was filed using the Court's MEC filing system which sent notification of such filing to:

Martin R. Jelliffe, Esq.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
mjelliffe@forthepeople.com

ATTORNEY FOR PLAINTIFF

THIS, the 14th day of February, 2023.

/s/ Rajita Iyer Moss
Rajita Iyer Moss

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**TERESA WILLIAMS**                                                                    **PLAINTIFF**

**VS.**                                                                    **CAUSE NO. 22-283**

**WAL-MART STORES EAST, LP;**
**and JOHN DOES 1-10**                                                      **DEFENDANTS**

### NOTICE OF SERVICE

      COMES NOW PLAINTIFF, Teresa Williams by and through the undersigned counsel, and

gives notice of service of the following:

    1. *Plaintiff's Response to Defendant Wal-Mart's First Set of Request for Admission.*

      **RESPECTFULLY SUBMITTED,** this the 17th day of February, 2023.

             TERESA WILLIAMS,  PLAINTIFF


          BY:   */s/ Martin R. Jelliffe*_____
                MARTIN R. JELLIFFE, ESQ. (MSB: 3067)

OF COUNSEL:

MORGAN & MORGAN, PLLC
MARTIN R. JELLIFFE (MSB# 3067)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
Email: mjelliffe@forthepeople.com

## <u>CERTIFICATE OF SERVICE</u>

I, Martin R. Jelliffe, attorney for Plaintiff, hereby certify that I have this day served

via E-Mail, a true and correct copy of the above and foregoing document to the following:

Thomas M. Louis, Esq. (MSB No. 8484)
Rajita Iyer Moss Esq. (MSB No. 10518)
**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

THIS, the 17th day of February, 2023.

*/s/ Martin R. Jelliffe*
**MARTIN R. JELLIFFE**, **Esq.**